UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>Plaintiff,<br><br>- vs -<br><br>ROTANA CAFE INC.,<br>d/b/a ROTANA CAFE,<br>d/b/a ROTANA SA, and<br>d/b/a ROTANA, and<br>MARWAN M. QASHOU,<br><br>Defendants. | CASE NO.:  5:20-cv-00630 |

**COMPLAINT**

Plaintiff, JOE HAND PROMOTIONS, INC., by and through its attorney, for its Complaint against Defendants, hereby alleges as follows:

THE PARTIES

1. Plaintiff, JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 407 East Pennsylvania Blvd., Feasterville, PA 19053.  Plaintiff held the exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 229: Khabib vs. McGregor,* including all undercard bouts and the entire television broadcast, telecast nationwide on October 6, 2018 ("Program") for businesses such as the business made the basis of this suit.

2. Defendant, ROTANA CAFE INC.

   a. is a domestic corporation organized and existing under the laws of the State of Texas,

   b. conducts business in the State of Texas,

   c. may be served by serving its Registered Agent, Marwan Qashou at its registered office located at 2250 Thousand Oaks Dr., Suite 218, San Antonio, Texas 78232,

   d. conducted business as "Rotana Cafe" on the date of the Program,

   e. conducted business as "Rotana SA" on the date of the Program,

   f. conducted business as "Rotana" on the date of the Program,

   g. owned, operated, maintained, and controlled the establishment known as Rotana Cafe/Rotana SA/Rotana located at 2250 Thousand Oaks Dr., San Antonio, Texas 78232 (the "Establishment") on the date of the Program,

   h. was the holder of the Texas Limited Sales, Excise and Use Tax Permit issued by the Texas Comptroller of Public Accounts for the Establishment which was active on the date of the Program, and

   i. maintained a Facebook Page with the username "Rotana SA" on the date of the Program.

3. Defendant, MARWAN M. QASHOU

   a. is an individual who resides in the State of Texas,

   b. may be served at 2250 Thousand Oaks Dr., Suite 218, San Antonio, Texas 78232 or wherever found,

   c. operated, maintained, and controlled the Establishment on the date of the Program,

   d. was an owner of the entity owning and operating the Establishment on the date of the Program,

   e. was a officer, director, shareholder, and/or principal of the entity owning and operating the Establishment on the date of the Program,

   f. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

   g. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

5. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District, and Defendants reside/maintain a principal office in this District.

## FACTS

6. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

7. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses, and similar establishments.  Since 2001, Plaintiff has been the exclusive domestic commercial distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®.  Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

8. By contract, Plaintiff was granted the exclusive right to license and distribute the Program to commercial establishments throughout the United States. The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

9. Plaintiff entered into subsequent agreements with various commercial establishments in the State of Texas that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer, and transmit the Program broadcast to those establishments in the State of Texas.

10. Prior to the broadcast of the Program, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Program in their Establishment for a fee. However, Defendants chose not to contract with Plaintiff or pay a fee to Plaintiff to obtain the proper license or authorization. At no time did Plaintiff give Defendants license, permission, or authority to receive and exhibit the Program in their Establishment.

11. By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted and/or received the interstate communication of the Program or assisted in such actions. Defendants then unlawfully transmitted, divulged, and published said communication or assisted in unlawfully transmitting, divulging, and publishing said communication to patrons in their Establishment.

12. Without authorization, license, or permission to do so from Plaintiff, Defendants exhibited the Program to the patrons within their Establishment.

13. In addition, by virtue of his position(s) as it relates to the Establishment, Defendant, Marwan M. Qashou had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times.

14. Defendants pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff. Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

15. At the time of the wrongful conduct described herein, Defendants' agents, servants, and employees were in fact Defendants' agents, servants, and employees and acting within the scope of their employment and authority as Defendants' agents, servants, and employees.

## SATELLITE PIRACY/CABLE PIRACY

16. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

17. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

18. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

19. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a.    for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553,

    b.    for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C), and

    c.    for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

JAMIE KING, P.C.

*/s/ Jamie King*
Jamie King
Attorney-in-Charge
State Bar No. 24043755
P.O. Box 5757
Kingwood, Texas 77325
(832) 584-0106 Telephone
(888) 247-0443 Facsimile
jamie@jamiekingpc.com

ATTORNEY FOR PLAINTIFF,
JOE HAND PROMOTIONS, INC.